IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **BRENDA STEWART** | ) |
| Plaintiff, | ) |
| v. | ) Cause No. **14** |
| **FIRSTSOURCE ADVANTAGE, LLC** | ) Division |
| Serve at: | ) |
| Reg. Agent CT Corporation System | ) **JURY TRIAL DEMANDED** |
| 120 South Central Ave. | ) |
| Clayton, MO 63105 | ) |

## CLASS ACTION PETITION

COMES NOW Plaintiff, Brenda Stewart, and for her Class Action Petition states as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial on all issues so triable.

2. This is an action for damages brought by an individual consumer on behalf of himself and all other consumers located in Missouri and similarly situated for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

3. Defendant directed its tortious activity referenced herein at Plaintiff in St. Louis County, Missouri.

4. Accordingly, This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

1

5. Venue is appropriate in this Court because Defendant directed its collection activity to St. Louis County, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA.

7. The alleged debt at issue in this action arises out of consumer, family, and household transactions.

8. Specifically, the alleged debt arises out of Plaintiff's use of a consumer credit card.

9. Defendant is a foreign LLC with its principal office in New York, NY. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

11. Beginning in or about late December of 2012, Defendant began to call Plaintiff's cell phone and also began to telephone third parties at Plaintiff's place of employment on a regular basis in an effort to collect the debt.

12. To the best of Plaintiff's recollection, Defendant made at least six collection calls to prior to January 3, 2013.

2

13. In some calls, Defendant left Plaintiff cryptic messages that failed to disclose Defendant's identity and that failed to disclose the fact that Defendant was a debt collector trying to collect a debt.

14. For example, on December 28, 2012, Defendant called Plaintiff's cellular phone and left the following message, "Hello this is a message for Brenda Stewart. If we've reached the wrong number for this person please call us at 1-888-274-6488 and refer to reference number 23309276 or you can visit online at www.fsap.com. Our office will be open until 8pm eastern time. Thank you."

15. In addition, Defendant engaged in aggressive tactics to collect the debt before Plaintiff even had a chance to receive the initial collection letter and thereby violated and overshadowed Plaintiff's dispute rights per 15 U.S.C. § 1692g.

16. For example, in a call that Defendant placed to Plaintiff's place of employment on January 2, 2013, Defendant told Plaintiff that her account would be forwarded for legal action if she did not pay on a "voluntary" basis.

17. In this call, Defendant tried to pressure Plaintiff into paying the debt by demanding payment and by threatening imminent legal action.

18. This call occurred prior to Plaintiff's receipt of any collection letter from Defendant.

19. In this call, Plaintiff tried to tell Defendant that she had not received anything in writing, but Defendant persisted in demanding payment.

20. Defendant's collection tactics caused Plaintiff to suffer anxiety, stress and mental anguish.

3

21. To the best of Plaintiff's recollection, she never agreed to any arbitration or class waiver provisions (either with her original creditor or any other party) that could apply to any of his claims against either Defendant.

## CLASS ALLEGATIONS

22. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by leaving voice messages for debtors that fail to disclose Defendant's name and that fail to disclose Defendant's identity as a debt collector.

23. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by making payment demands and litigation threats within the thirty-day dispute period.

24. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The two-part class consists of the following persons:

   a. Part one (the "FDCPA Message Class"): For the year prior to the filing of this Petition, all consumer debtors with a Missouri postal address that Defendant left a voice message on the debtor's telephone number that failed to disclose Defendant's identity or that failed to state that Defendant was a debt collector.

   b. Part two (the "FDCPA Overshadowing Class"): For the year prior to the filing of this Petition, all consumer debtors with a Missouri postal address who (1) received a telephone call from

4

Defendant regarding a debt (2) where such call occurred within thirty days of Defendant's acquisition of the debt and (3) where Defendant made a payment demand or legal threat without explaining that the demand was subject to the consumer's right to dispute the debt.

25. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendants are high volume debt collectors that attempt to collect many thousands of consumer debts throughout the United States and in Missouri.

26. Upon information and belief, Defendants have engaged in the improper collection communications and telephone calls described above with thousands of consumers in Missouri.

27. Plaintiff is a member of the class she seeks to represent.

28. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

29. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

5

30. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

31. Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

32. The purposes of the FDCPA will be best effectuated by a class action.

33. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

34. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

35. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

36. Four common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant's failure to disclose its name and the fact it was a debt collector in the subject voice messages runs afoul of 15 U.S.C 1692d-e; and (4) whether Defendant's payment demands and legal threats within the first thirty days after acquisition of the debt constitute overshadowing of the debtors' dispute rights as per 15 U.S.C. 1692g.

6

37. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

38. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

39. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

41. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, including, but not limited to, the following:

    a. Defendant failed to identify itself as a debt collector. 15 U.S.C. §1692d,e;

    b. Defendant overshadowed Plaintiff's dispute rights. 15 U.S.C. § 1692g;

    c. Defendant used falsities and deception in an effort to collect the debt. 15 U.S.C. § 1692d-f; and

    d. Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 U.S.C. § 1692d-f.

7

WHEREFORE, Plaintiff respectfully requests that the Court certify the proposed classes, appoint Plaintiff as the class representative, appoint the undersigned as class counsel, and that judgment be entered against Defendant and in favor of Plaintiff for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages in Plaintiff's favor only in the event no classes are certified;

C. Attorneys' Fees;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

*[signature]*

JAMES W. EASON, #57112
RICHARD A. VOYTAS, JR. #52046
Eason & Voytas, LLC
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax: (314) 667-3161

8